George Graves DIXON, Plaintiff,

v.

PACIFIC MUTUAL LIFE INSURANCE COMPANY, Defendant.

United States District Court
S. D. New York, Civil Division.
April 18, 1957.

Leon Wasserman, New York City, for plaintiff.

Katz & Sommerich, New York City, for defendant, Henry I. Fillman, New York City, of counsel.

WEINFELD, District Judge.

The defendant moves to set aside the verdict of the jury on the ground that it is contrary to law, contrary to fact and against the weight of the evidence, and for judgment n. o. v.

The jury returned a special verdict which found that a release executed by the plaintiff was the result of mutual mistake of fact and further found that plaintiff was totally disabled, within the meaning of a policy issued by the defendant, for the period from June 22, 1953 to January 20, 1956.

■ The defendant first urges that recovery by plaintiff is barred by a provision in the policy that it does not cover "any disability for which the insured is not necessarily and regularly attended by a legally qualified physician other than the insured * * *." The policy does not define the phrase "necessarily and regularly attended". True, the words are to be given their natural meaning. But absent definition, what is their natural meaning? Does "regularly" mean that the assured must be attended by a physician once a week, once a month, every six months, or once a year? Does "necessarily" mean that the assured must see a physician even though the nature of the ailment precludes effective medical aid; that an assured must be attended by a doctor whether or not professional help can alleviate his condition? The parties could not have contemplated an idle ceremony. Regular and "necessary" attendance by a physician presupposes that medical assistance will serve a purpose. The purpose of the provision is to afford protection to the insurance company against false claims for total disability.[1] Absent a precise definition of "necessarily and regularly attended by a * * * physician" whether or not that purpose has been met and the condition fulfilled is a fact question depending upon the circumstances of each case. In deciding whether there was regular and necessary attendance the nature of the ailment upon which the assured rests his claim of disability and the likely efficacy of treatment must be considered.

■ Here the plaintiff's ailment was a severe dermatitis of a stubborn nature which had been resistant to previous regular medical treatment by specialists. Under such circumstances whether thereafter plaintiff was "necessarily and regularly attended" by Dr. Clark on the eight occasions he saw plaintiff over a three year period was an issue to be decided by the jury, and not the Court, as defendant now urges.

The issue was fully presented to the jury in the Court's charge by direct reference to the provision in the policy with an instruction that if it found plaintiff, was not necessarily and regularly attended by a qualified physician, other than the plaintiff himself, during the period of claimed disability, then the

1. Goldbard v. Empire State Mutual Ins. Co., Mun.Ct., 156 N.Y.S.2d 324; Ottey v. National Casualty Co., 192 Misc. 902, 81 N.Y.S.2d 534; Hunter v. Federal Casualty Co., 199 App.Div. 223, 191 N.Y.S. 474.

defendant was entitled to a verdict. The jury decided the issue in favor of the plaintiff and hence this aspect of the defendant's motion must be denied.

However, the defendant's motion in its various branches also seeks to set the verdict aside on the ground that it is against the weight of the evidence. At the commencement of trial the plaintiff's motion to amend his complaint was granted so as to allege that the period of disability was from January 22, 1953 to the date of trial, November, 1956. The testimony of plaintiff and his witnesses supported that period of claimed disability; the defendant challenged that any disability existed. The jury found that the period of disability was from June 2, 1953 to January 20, 1956. No evidence was offered by either side which suggested the latter date as the terminal point of disability.

A review of the record furnishes no basis upon which the jury could logically have reached its conclusion. A clue as to the jury's action is the fact that the terminal date coincides with plaintiff's sixtieth birthday—the date of birth being set forth in the application attached to the policy.

The finding by the jury on this point is without any evidence to support it and hence the conclusion is compelled that the verdict reflects a compromise on the issue of the period of disability. Plaintiff's counsel concedes there is no explanation for the finding "as there was absolutely nothing in the evidence subsequent to his [plaintiff's] sixtieth birthday that would cover a verdict dissimilar than that for the previous period." Plaintiff's dissatisfaction with the jury's determination has lead to a motion by him for an amendment of the verdict to include disability indemnity to November, 1956 (the trial date) or a statement by the Court that the verdict of January 20, 1956 is without prejudice to claims for subsequent periods. In the light of the jury's specific finding the Court is without power to grant this request.

Under the circumstances the special finding on the period of disability is clearly against the weight of evidence. Since this finding reflects a compromise, one cannot tell whether it tainted the other issues submitted to the jury. Accordingly the motion to set side the verdict is granted as to all issues, and a new trial ordered.

All other branches of the defendant's motion made at the conclusion of the plaintiff's case, at the close of the entire case, and following the rendition of the verdict, are denied.

Settle order on notice.